UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NORTHERN CREDIT UNION, formerly known as
Northern Federal Credit Union,

                     Plaintiff,

v.                                                     5:24-CV-0099 (GTS/TWD)

SCOTT D. WHITMORE; UNITED STATES OF
AMERICA; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; JOHN DOE; and
JANE DOE,

                     Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

RIEHLMAN SHAFER & SHAW LLC               JOEL I. ROSS, ESQ.
  Counsel for Plaintiff
7693 Route 281
P.O. Box 544
Tully, NY 13159

SCOTT D. WHITMORE
  Defendant, *Pro Se*
29050 Perch Lake Road
Watertown, NY 13601

U.S. DEPARTMENT OF JUSTICE –               BRADLEY SARNELL, ESQ.
TAX DIVISION                                       CLAIRE SHIMBERG, ESQ.
  Counsel for United States of America
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

NEW YORK STATE DEPARTMENT              KILEEN C. DAVIES, ESQ.
OF TAXATION AND FINANCE
  Counsel for NYS Department of Tax & Finance
WA Harriman Campus
Building 9, Room 200
Albany, NY 12227

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

Currently before the Court, in this foreclosure action filed by Northern Credit Union ("Plaintiffs") against Scott D. Whitmore, the United States of America, the New York State Department of Taxation and Finance, John Doe, and Jane Doe ("Defendants"), is Plaintiff's unopposed motion to remand this action back to state court.  (Dkt. No. 35.)  For the reasons set forth below, Plaintiff's motion is granted and this matter is remanded.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Verified Complaint

In its Verified Complaint, Plaintiff asserts a cause of action to foreclose on a mortgage owed by Defendant Whitmore on a parcel of real property located at 205 Cobb Drive, Lacona, New York, based on failure to pay in accordance with the terms of the Adjustable Rate Note and mortgage.  (Dkt. No. 2.)  Plaintiff further alleges that Defendants United States of America and New York State Department of Taxation and Finance both hold tax liens against Defendant Whitmore that are relevant to this action.  (*Id.* at 12.)

### B.     Procedural History

This action was removed from Oswego County Supreme Court on January 18, 2024, on the basis of the Verified Complaint's assertion that the United States holds federal tax liens on the relevant real property that is the subject of Plaintiff's foreclosure action.  (Dkt. No. 1.)  No party has challenged this removal as improper or untimely.

### C.     Plaintiff's Memorandum of Law on Its Motion to Remand

Generally, in its motion to remand, Plaintiff argues that remand is appropriate because the federal claims that were the basis for the United States' removal have since been resolved in

2

that (a) the issue of lien priority has been determined by an Order dated June 21, 2024, and (b) the parties have stipulated that the United States' counterclaim seeking enforcement of its federal tax liens be dismissed, and that Stipulation was accepted by the Court on September 17, 2024. (Dkt. No. 35, Attach. 2, at 2-3.)  Plaintiff argues that the remaining issues related to the mortgage foreclosure action arise under state law, and that the United States has stipulated that it would not object to remand to state court for the purpose of resolving those issues. (*Id.*)  Finally, Plaintiff argues that, although the Court has the power to exercise supplemental jurisdiction over these remaining state law issues, the traditional values of judicial economy, convenience, fairness, and comity suggest that remand is the more appropriate course of action. (*Id.*)

## II.     GOVERNING LEGAL STANDARD

Section 1447 of Title 28 of the United States Code governs the procedure after removal. After a case has been removed, "the district court may issue all necessary orders and process to bring before it all proper parties whether served by process by the state court or otherwise." 28 U.S.C. § 1447(a).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*  "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).

## III.    ANALYSIS

3

After careful consideration, the Court answers the question of whether this action should be remanded to the state court in the affirmative for the reasons stated in Plaintiff's unopposed memorandum of law. *See, supra,* Part I.C of this Decision and Order. To those reasons, the Court adds the following analysis.

As an initial matter, although the United States asserted in its removal papers that removal was proper pursuant to "the provisions of 28 U.S.C. §§ 1441, 1442, and/or 1444," the Court finds that the most appropriate basis for the removal was Section 1444, which permits removal in any action brought against the United States pursuant to 28 U.S.C. § 2410, which includes actions in which the United States has been named as a party as a result of holding a lien on a property that is subject to a foreclosure action. 28 U.S.C. §§ 1444, 2410(a).

Unlike the more typical situation in which a motion to remand arises, there is no defect alleged related to the Notice of Removal, nor is there a lack of subject-matter jurisdiction. Rather, the parties appear to agree that the action was properly removed by the United States, but that, due to intervening stipulations and agreements between the parties, the federal interests that were the basis for the removal are no longer at issue in this action. In the joint stipulation of the dismissal of the United States' counterclaim to enforce its federal tax liens through a receiver's sale, the United States agreed "not to object to any motion by [Plaintiff] to remand the case to state court, and [Plaintiff] agrees that the United States should not be required to participate in this action after remand." (Dkt. No. 33, at 1.) Indeed, none of the Defendants have filed any response opposing the motion to remand. Because there is no opposition to the motion (lightening Plaintiff's burden on that motion to one of showing only facial merit) and the stipulations on the record make clear that the basis for removal has now been resolved by

4

agreement of the parties, the Court sees no reason to deny Plaintiff's request to remand the remainder of this action back to the Oswego County Supreme Court.

The Court does note that Defendant Whitmore is proceeding *pro se* in this action and therefore will briefly assess whether he might be prejudiced by the requested remand. A previous stipulation that was approved by the Court indicates that Defendant Whitmore (a) consented to a judgment stating that the United States could sell the relevant real property involved in this foreclosure action free and clear of his interest, and (b) agreed with the other parties that, based on his consent to the sale and the fact that his personal liability was discharged in bankruptcy such that a deficiency judgment is not available, he was not required to file an Answer to either Plaintiff's Complaint or the United States' then-pending counterclaim. (Dkt. No. 32. at 2.) This stipulation was entered before the parties obtained additional information about the value of the relevant real property through which the parties learned that "even a full-market-value sale is unlikely to result in proceeds available for the federal tax liens after satisfying the senior mortgage," which led to the parties agreeing to the dismissal of the United States' counterclaim and remand to the state court for sale proceedings, during which the United States will be permitted to exercise its right to redemption. (Dkt. No. 33, at 1-2.) Defendant Whitmore signed both of these Stipulations. (Dkt. No. 32, at 5; Dkt. No. 33, at 3.) Under the circumstances, there is no reason to believe that remand would prejudice Defendant Whitmore's rights when considering these issues with the special solicitude provided to *pro se* parties.

Because the federal issue that warranted removal in this action has now been resolved through stipulations, the Court finds that this action should be remanded back to the state court to resolve the foreclosure issues alleged in the Verified Complicate.

**ACCORDINGLY**, it is

5

**ORDERED** that this action is **REMANDED** to the Oswego County Supreme Court for all further proceedings.

Dated: May 9, 2025
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge